TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00569-CR







Darrold Latrell Alexander, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HARRIS COUNTY, 174TH JUDICIAL DISTRICT


NO. 9429325, HONORABLE SAM ROBERTSON, JUDGE PRESIDING








 Appellant Darrold Latrell Alexander appeals his conviction for aggravated kidnaping. See
Tex. Penal Code Ann. § 20.04(a)(5) (West Supp. 1998). (1) In a joint trial with five co-defendants, a jury
convicted appellant and the other five of this offense. The jury assessed appellant's punishment at life
imprisonment and a fine of $10,000. Appellant brings eleven points of error. We will affirm his conviction.

 Appellant's conviction is based upon the abduction of a young man, Rudy Meinecke, on
December 19, 1994, in Houston, Harris County, by a group including appellant, who took the victim to
appellant's apartment where he was beaten, tortured and terrorized. The victim was rescued by a law
enforcement officer who saw a group of people, including appellant, on the street at 3:00 a.m. carrying the
unconscious victim. The details of the offense are reviewed at length in a companion case, McMahon v.
State, Nos. 3-97-572-CR & 3-97-574-CR (Tex. App.--Austin August 13, 1998) (not designated for
publication) [hereinafter McMahon].

 Appellant's first point of error contends that the trial court erred by refusing to hold a
hearing on a motion for change of venue. Like his co-defendant in McMahon, appellant did not file a
written motion for change of venue nor any supporting affidavits. Without a written motion and the required
supporting affidavits, nothing is presented for review. Appellant's first point of error is overruled. See
McMahon, slip op. at 8-10 for discussion and authorities.

 Appellant complains of restrictions on the voir dire examination in points two through six. 
The facts and issues are identical to those in McMahon, and we overrule appellant's points two through
six as we did there. McMahon, slip op. at 10-17.

 Appellant's seventh point of error complains of the trial court's overruling an objection to
a prosecutor's argument he claims was an impermissible statement of personal opinion. The court properly
ruled that the comment was a permitted answer to a comment in the defense counsel's closing argument. 
We overrule point seven for the reasons set out in McMahon, slip op. at 18-20.

 In points of error eight and nine, appellant contends that the trial court erred by not
instructing the jury that Pedro Jimenez was an accomplice witness as a matter of law whose testimony
required corroboration, or, he argues in the alternative, at least the trial court should have submitted the
issue for the jury to determine whether he was an accomplice as a matter of fact. We find no evidence to
support a charge that Jimenez was an accomplice witness. His knowledge of the offense, and even his
assistance in concealing evidence afterward, is not enough to make him an accomplice witness. We
overrule points eight and nine for the reasons and on the authorities stated in the same numbered points in
McMahon, slip op. at 20-22.

 Appellant's tenth point of error argues that the trial court abused his discretion by refusing
to grant his motion to sever his prosecution from the others. The facts and law on this point are identical
to those in the same numbered point in McMahon, slip op. at 24-26. The trial court did not abuse its
discretion and there was no error; point of error ten is overruled. 

 Appellant contends in his eleventh point of error that the trial court erred by not submitting
an issue for the jury to decide whether appellant voluntarily released the victim in a safe place, which would
reduce the offense to a second degree felony rather that a first degree. This point corresponds to the
eleventh point in McMahon, slip op. at 27-31. There was no evidence of a voluntary release. We overrule
appellant's eleventh point for the same reasons we set out in McMahon.

 Having overruled appellant's points of error, we affirm the trial court's judgment.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: August 13, 1998

Do Not Publish
1. Amendments to this section after the commission of the offense are irrelevant to the appeal. The
current version is cited for convenience. 



We will affirm his conviction.

 Appellant's conviction is based upon the abduction of a young man, Rudy Meinecke, on
December 19, 1994, in Houston, Harris County, by a group including appellant, who took the victim to
appellant's apartment where he was beaten, tortured and terrorized. The victim was rescued by a law
enforcement officer who saw a group of people, including appellant, on the street at 3:00 a.m. carrying the
unconscious victim. The details of the offense are reviewed at length in a companion case, McMahon v.
State, Nos. 3-97-572-CR & 3-97-574-CR (Tex. App.--Austin August 13, 1998) (not designated for
publication) [hereinafter McMahon].

 Appellant's first point of error contends that the trial court erred by refusing to hold a
hearing on a motion for change of venue. Like his co-defendant in McMahon, appellant did not file a
written motion for change of venue nor any supporting affidavits. Without a written motion and the required
supporting affidavits, nothing is presented for review. Appellant's first point of error is overruled. See
McMahon, slip op. at 8-10 for discussion and authorities.

 Appellant complains of restrictions on the voir dire examination in points two through six. 
The facts and issues are identical to those in McMahon, and we overrule appellant's points two through
six as we did there. McMahon, slip op. at 10-17.

 Appellant's seventh point of error complains of the trial court's overruling an objection to
a prosecutor's argument he claims was an impermissible statement of personal opinion. The court properly
ruled that the comment was a permitted answer to a comment in the defense counsel's closing argument. 
We overrule point seven for the reasons set out in McMahon, slip op. at 18-20.

 In points of error eight and nine, appellant contends that the trial court erred by not
instructing the jury that Pedro Jimenez was an accomplice witness as a matter of law whose testimony
required corroboration, or, he argues in the alternative, at least the trial court should have submitted the
issue for the jury to determine whether he was an accomplice as a matter of fact. We find no evidence to
support a charge that Jimenez was an accomplice witness. His knowledge of t